**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DeRon Tobias, | Case No. 2:25-cv-00762-APG-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| Cascasde Apartments, et al., | |
| Defendant. | |

Pro se plaintiff DeRon Tobias brings this case related to an alleged breach of his rental agreement and resulting eviction. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant his request to proceed *in forma pauperis*. This Court now screens his complaint.

## I.      Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

## II.    Screening the complaint

This case arises out of Plaintiff's residential lease, which was originally with Cascade Apartments in Henderson, Nevada. After Plaintiff entered into the lease and paid required move-in fees and rent, management of the property was transferred to Cushman & Wakefield. Following that transition, Plaintiff alleges that Defendants failed to properly account for security deposits, rent payments, and other charges, and did not provide an accurate or itemized financial ledger as required. Plaintiff further contends that, despite the existence of an active lease and ongoing disputes regarding payment and accounting, Defendants improperly initiated eviction proceedings and mishandled Plaintiff's payments. Plaintiff names the following Defendants: Cascade Apartments, Cushman and Wakefield, and CT Corporation. Her claims include: (1) Fifth Amendment due process violation, (2) Fourteenth Amendment equal protection violation, (3)

UCC 3-104, (4) UCC 3-109, (5) UCC 3-501, (6) Fraudulent Misrepresentation, (7) NRS 598. 0923, (8) Wrongful Eviction, (9) Commercial Fraud, (10) 18 U.S.C. § 1343, (11) 18 U.S.C. § 1341, (12) Obstruction of Commercial Process, and (13) Abuse of Legal Process.

Plaintiff brings claims under both federal and state laws. This Court first begins with the federal claims.

### A. Federal claims

#### 1. Claims 1 and 2—constitutional claims

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights, but it provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). However,

> conduct of a private individual constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself, such as when the nominally private actor is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control.

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotations omitted). Further, "[a] private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quotation omitted).

Here, Plaintiff names different companies as Defendants and alleges that their conduct violates his due process and constitutional rights. But there is no allegation that these companies

were acting under color of state law. Plaintiff does not allege any facts indicating that there was a nexus between state actors and these companies or a delegation of authority from state actors to these companies. Nor does he allege facts indicating that there was a conspiracy between state parties and these companies. Given these deficiencies, the court will recommend dismissal of the complaint with leave to amend.[1]

## 2. Claims 10 and 11--18 U.S.C. §§ 1341 and 1343

Plaintiff cannot sue Defendants under 18 U.S.C. §§ 1341 or 1343. "[C]ourts have consistently found that the mail and wire fraud statutes do not confer private rights of action." *Masin v. Vistakon Pharm., LLC*, No. 3:08-CV-00550-RCJ-VPC, 2010 WL 11594971, at *2 (D. Nev. June 14, 2010); *see, e.g.*, *Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (stating there is no private right of action for mail fraud under 18 U.S.C. § 1341); *Lobstein v. Washington Mut. Mortg. Pass-Through Certificates WMALT Series 2007-OC1*, No. 219CV07615SVWJPR, 2019 WL 9362078, at *3 (C.D. Cal. Dec. 18, 2019) (stating there is no private right of action under 18 U.S.C. §§ 1341 or 1344); *Yeske v. Bendetov*, No. 2:15-CV-1513-GMN-NJK, 2016 WL 1610605, at *2 (D. Nev. Apr. 21, 2016) ("[I]t is well established that [18 U.S.C. § 1343] is a criminal provision that does not give rise to a private cause of action."); *Brown v. Bettinger*, No. 2:15-CV-00331-APG, 2015 WL 4162505, at *3 (D. Nev. July 8, 2015) ("Plaintiff cannot sue Defendant for civil damages for a violation of 18 U.S.C. § 1343."); *Bruce v. Homefield Fin., Inc.*, No. 2:10-CV-2164-KJD-PAL, 2011 WL 4479736, at *3 (D. Nev. Sept. 23, 2011) (stating that a claim under 18 U.S.C. § 1344 must be dismissed because there is no private right of action); *Small v. Mortg. Elec. Registration Sys., Inc.*, No. 2:09-CV-0458 GEB DAD, 2010 WL 3719314, at *9 (E.D. Cal. Sept. 16, 2010) (stating there is no private right of action under 18 U.S.C. § 1344). Accordingly, the Court will recommend that Plaintiff's claims under 18

---

[1] In order to state an equal-protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000). Should Plaintiff choose to amend his Fourteenth Amendment claim, he must also allege facts that meet this requirement.

U.S.C. §§ 1341 and 1343 be dismissed with prejudice for failure to state a claim, as these statutes do not create a private right of action.

### B. State claims

The remaining claims are: UCC 3-104, UCC 3-109, UCC 3-501, Fraudulent Misrepresentation, NRS 598. 0923, Wrongful Eviction, Commercial Fraud, Obstruction of Commercial Process, and Abuse of Legal Process.

In order for this Court to have diversity jurisdiction, the matter would need to be between citizens of different States and the amount in controversy would need to exceed $75,000. Plaintiff does not provide the citizenship of the Defendants, but it is clear the amount in controversy does not exceed $75,000.

Given this Court does not have diversity jurisdiction, it analyzes whether it can employ supplemental jurisdiction. The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. See *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir.2004).

Since Plaintiff must successfully state a federal claim to proceed with his case, this Court will not screen his potential state claims at this time. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Should Plaintiff choose to amend his complaint and actually plead claims under federal law, this Court will then entertain whether supplemental jurisdiction is proper.

### III.   Instructions for Amendment

If Plaintiff chooses to amend, the original complaint (ECF No. 1-1) will no longer serve any function in this case. As such, if Plaintiff files an amended complaint, each claim *and the involvement of each specific defendant* must be alleged sufficiently. In this vein, this Court notes that Plaintiff has grouped all Defendants together but does not explain which Defendant is responsible for what conduct (and does not explain how CT Corporation System is involved at all). It is important to review the section above (Section I) which explains what is necessary in order to sufficiently state a claim. This Court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### IV.   Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that claims 10 and 11—18 U.S.C. §§ 1341 and 1343 be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the remaining claims are **DISMISSED** with leave to amend.

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

**IT IS FURTHER ORDERED** that Plaintiff shall have until March 16, 2026, to file an amended complaint. If Plaintiff chooses not to file an amended complaint, the Court may dismiss this action without prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 3, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE